**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TERESA L. JOHNSON,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>JOHN BONAVENTURA, et al.,<br><br>　　　　　Defendant(s). | 2:13-CV-524 JCM (CWH) |

**ORDER**

On March 27, 2013, defendant, Constable John Bonaventura ("Bonaventura"), filed a petition on behalf of himself and his co-defendant, Las Vegas Township Constable's Office ("LVTCO"), for removal from state court. (Doc. #1). Presently before the court is plaintiff's, Teresa L. Johnson ("Mrs. Johnson"), timely filed motion to remand. (Doc. #4). Defendants filed a response in opposition. (Doc. #6). Plaintiff did not file a reply.

**I.    Factual Background**

Mrs. Johnson alleges that both defendants intentionally harassed, falsely imprisoned, and maliciously prosecuted her. (*See* Doc. #4, Ex. A). She accuses LVTCO of negligent hiring, training, supervision, and retention, with respect to Bonaventura. (*Id.*). These causes of action are premised on the conduct of defendant Bonaventura. (*Id.*). At the time the alleged incidents occurred, Bonaventura was living with Mrs. Johnson's estranged husband. Bonaventura and Mrs. Johnson's husband had been "close" friends for over fifteen years. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1   On September 24, 2011, Mrs. Johnson and her son went to the residence where both
2   Bonaventura and her husband resided at the time. (*Id.* at 9:11-22). Upon seeing no one outside, her
3   son allegedly shouted something toward the residence. (*Id.* at 9:23, 11:3). Mrs. Johnson drove away.
4   (*Id.* at 9:25). Shortly thereafter, she saw that an SUV with flashing lights was pursuing her at high
5   speed. (*Id.* at 9:27). Upon pulling over for the emergency vehicle, she discovered that the driver was
6   Bonaventura. (*Id.* at 10:6). Mrs. Johnson alleges that Bonaventura was in plain clothes and failed to
7   identify himself as law enforcement. (*Id.* at 10:4). Believing Bonaventura was acting without proper
8   authority, she fled the scene. (*Id.* at 10:8). Bonaventura pursued, allegedly pulling alongside Mrs.
9   Johnson after she failed to pull over. (*Id.* at 10:14). After Mrs. Johnson communicated that she had
10  placed a call to 9-1-1 and was reporting the incident to the Las Vegas Metropolitan Police
11  Department ("LVMPD"), Bonaventura fled the scene. (*Id.* at 10:15).

12  On September 28, 2011, after Mrs. Johnson had already filed a report regarding
13  Bonaventura's conduct with LVMPD, Bonaventura executed a declaration of arrest for Mrs.
14  Johnson. (*Id.* at 11:1). In the declaration, he claimed that Mrs. Johnson had thrown eggs at his patrol
15  unit while both vehicles were still parked at the residence. (*Id.* at 11:4). Mrs. Johnson denies that the
16  egging incident occurred. (*Id.* at 11:19). Bonaventura alleges that he pursued Mrs. Johnson because
17  he "felt it prudent" to investigate this alleged crime–vandalism and intimidation via egging. (*Id.* at
18  11:5). His declaration asserts that because he was investigating an alleged crime, Mrs. Johnson's
19  reckless driving, a misdemeanor on its own, also constituted evading a police officer. (*Id.* at 11:1-
20  13). Evading a police officer is a felony. (*See id.* at 12:14). Earlier that same day, two deputy
21  constables had arrested Mrs. Johnson at her place of work. (Doc. #4, Ex. A at 12: 4-12). She was
22  held at the Clark County Detention Center on both the misdemeanor reckless driving and felony
23  evasion charges until September 30, 2011. (*Id.* at 12:12).

24  After Mrs. Johnson's release, the Clark County district attorney's office ("DA") chose to
25  prosecute her only for the misdemeanor of reckless driving, dropping the felony charge. (*Id.* at
26  12:16). When neither Bonaventura nor any other witness on behalf of the constable's office appeared
27  in court, the DA dismissed that charge as well. (*Id.* at 12: 23-28).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II. Legal Standard

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought there in the first place. *See* 28 U.S.C. § 1441(a). This court has original subject matter jurisdiction over two types of cases. First, pursuant to 28 U.S.C. § 1332(a), the court has diversity jurisdiction over suits between citizens of different states, for which the amount in controversy exceeds $75,000. Second, pursuant to 28 U.S.C. § 1331, this court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

In deciding whether removal is proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking the statute bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute"). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins, Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. Analysis

*A. Federal Question*

A suit arises "under the Constitution, laws, or treaties of the United States," if "the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). As explained by the Supreme Court, "the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998).

Mrs. Johnson's complaint does not present a federal question. Defendant Bonaventura argues that federal question jurisdiction exists under 28 U.S.C. § 1331 by attempting to show that plaintiff

1  has, in effect, pled a federal civil rights claim under 42 U.S.C. § 1983. However, Mrs. Johnson's complaint does not plead a claim under, or even cite, 42 U.S.C. § 1983. Nor does the complaint allege a federal cause of action, or even refer to, any other federal law. Mrs. Johnson brings four causes of action: negligence in hiring, training, supervision, and retention; false imprisonment; intentional infliction of emotional distress; and malicious prosecution. (*See* Doc. #4, Ex. A). Each claim arises under state law and the resolution of each requires resolution of state law issues only. No federal claim is invoked and no federal question is implied.

The fact that the conduct Mrs. Johnson alleges may be a sufficient basis for the federal cause of action does not preclude her from instead pursuing relief under Nevada state causes of action. Bonaventura's brief correctly states that "[t]he existence of concurrent state remedies is not a bar to a [§]1983 action." (Doc. #6, 3:17). However, the converse is also true: the existence of a § 1983 claim is not a bar to a state cause of action. In fact, 42 U.S.C. § 2000h-4 of the Civil Rights Act states:

> Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.

42 U.S.C. § 2000h-4. Regardless of whether the elements established in Mrs. Johnson's complaint are the same elements required by a federal cause of action, she has pled them under state law theories. The Civil Rights Act explicitly allows for this.

Mrs. Johnson's complaint poses no federal question nor any question of state law that turns on the answer to a federal law question. Therefore, there is no federal question jurisdiction. The court recognizes "that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

*B. Artful Pleading*

Defendants' next argument is that the court should re-characterize Mrs. Johnson's complaint

**James C. Mahan
U.S. District Judge**

- 4 -

1 as federal under the artful pleading doctrine. That doctrine does not, however, apply to Mrs. Johnson's complaint.

Under Ninth Circuit law, "a complaint that is 'artfully pleaded' to avoid federal jurisdiction *may* be recharacterized as one arising under federal law." *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) (emphasis added) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)). A complaint falls under the artful pleading doctrine when it (a) omits from the complaint federal law essential to its claim or (b) casts in state law terms a claim that can only be made under federal law. *Id.*

Mrs. Johnson's complaint does not fall under the artful pleading doctrine. Each cause of action pled in her complaint is premised on pure questions of state law. She neither (a) omitted from her complaint necessary federal law, nor (b) cast in state law terms a claim that could only be made under federal law.

Finally, defendants argue that the state law cases cited by plaintiff are unpersuasive because they do not discuss jurisdiction or the artful pleading doctrine. However, the cases are relevant because they show that the causes being claimed by the plaintiff are well-established state law causes of action. Regardless of any discussion of jurisdiction, the discussion in the cited cases indicates that the issues being adjudicated turn purely on Nevada law. Again, the existence of a federal cause of action "does not overcome the ... rule[ ]that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Caterpillar* 482 U.S. at 398-99.

*C. Diversity Jurisdiction*

Under 28 U.S.C. 1332(a), this court has jurisdiction over suits between citizens of different states, for which the amount in controversy is greater than $75,000. To support federal diversity jurisdiction, parties must have complete diversity, or all plaintiffs must be citizens of a different state than all defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Mrs. Johnson alleges that at all times relevant to this case she was, and still is, a resident of Nevada. She also alleges that at all times relevant to this case Bonaventura was, and still is, a resident of Nevada. (Doc.

**James C. Mahan**
**U.S. District Judge**

- 5 -

#4, Ex. A, 8). Nothing on the record indicates otherwise. This court reasonably infers from the record that both parties are citizens of Nevada. Therefore, complete diversity does not exist between the parties and this court lacks diversity jurisdiction over the matter.

### IV. Attorney's Fees

Mrs. Johnson requested an award of attorney's fees and other costs and expenses associated with filing this motion to remand, pursuant to 28 U.S.C. § 1447©).  The court, in its discretion, declines to grant such a request. *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) (citing *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992)) ("By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court.").

### V. Conclusion

Based on the foregoing discussion, this court lacks subject matter jurisdiction under both 28 U.S.C. §§ 1331 and 1332(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Mrs. Johnson's motion to remand (doc. #4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that this case be, and the same hereby is, REMANDED to state court due to this court's lack of subject matter jurisdiction.

DATED May 28, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -